UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Ronald I. Holmes, Jr.,

    Plaintiff,

    v.                                         Civil Action No. 5:12-cv-183

Andrew Pallito, Commissioner,
Vermont Department of Corrections;
Carl Davis, Superintendent, Northern State
Correctional Facility; Mike Carbonneau;
COI Prue,

    Defendants.

## REPORT AND RECOMMENDATION
(Doc. 14)

Plaintiff Ronald I. Holmes, Jr., a former Vermont inmate proceeding *pro se*, brings this action under 42 U.S.C. § 1983 claiming that Defendants have violated his constitutional rights. Specifically, Mr. Holmes alleges that corrections officers used excessive force during an altercation at the Northern State Correctional Facility ("NSCF"), and retaliated against him for making complaints about "racism and prejudice at NSCF." Before the court is Defendants' Motion to Dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and under Rule 12(b)(6) for failure to state a claim for which relief can be granted. (Doc. 14.) For the reasons set forth below, I recommend that Defendants' Motion be GRANTED, and that Mr. Holmes's Complaint be DISMISSED with leave to amend.

## Factual and Procedural Background

At the time of the alleged events, Mr. Holmes was a Vermont Department of Corrections ("DOC") inmate housed at NSCF in Newport, VT. He has since completed his prison term, and now resides in New York, NY. (Doc. 3 at 1.)

The Complaint alleges that Mr. Holmes experienced "[h]arassment and prejudice[]" from DOC Officer Prue on March 29, 2012, when Prue called a "10:33" without cause and "created a situation involving [seven] officers and [the] use of O.C. spray." *Id*. at 4. According to the Complaint, Mr. Holmes was "standing . . . and pleading his case" when DOC Officer Carbonneau participated in "taking Mr. Holmes to the floor." While Mr. Holmes was "in leg restraints and pinned to the floor" by multiple guards, Carbonneau allegedly "appl[ied] pressure to the thumb to cause 'pain' and that this dislocated the thumb." *Id*. Mr. Holmes alleges that there is a videotape of the alleged incident and that he was not permitted to use the video during his "D.R. Hearing." *Id*. at 5.

Mr. Holmes submits that Officer Prue caused the "unwarranted 10:33" in retaliation for Mr. Holmes's complaints about a "pattern of racism and prejudice at NSCF," and that Officer Carbonneau used "excessive force" in dislocating Mr. Holmes's thumb. *Id*. For relief, Mr. Holmes seeks a court order to preserve the videotape of the alleged incident, the appointment of legal counsel, and an order protecting him from DOC retaliation for filing the Complaint in this action. *Id*. at 6.

Defendants filed their Motion to Dismiss on October 9, 2012. Defendants argue that dismissal is warranted under Fed. R. Civ. P. 12(b)(6) because (1) any official

capacity claims for damages are barred by Eleventh Amendment immunity; (2) the Complaint does not sufficiently allege the personal involvement of Defendants Andrew Pallito and Carl Davis; and (3) the Complaint fails to "state a claim that Defendants violated his rights under the First Amendment to be free from retaliation."[1] (Doc. 14 at 6.) Defendants also argue under Fed. R. Civ. P. 12(b)(1) that because Mr. Holmes seeks only injunctive relief, his claims have been mooted by his release from prison, and therefore must be dismissed for lack of subject matter jurisdiction. Because the court "lacks the statutory or constitutional power to adjudicate" the merits of claims over which it does not have subject matter jurisdiction, *Makarova v. United States*, 201 F.3d 110, 112 (2d Cir. 2000), the court first addresses Defendants' Rule 12(b)(1) Motion.

## Discussion

I.  **Subject Matter Jurisdiction**

Under Article III of the Constitution, federal courts have jurisdiction only over "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (quoting *United States v. Mercurris*, 192

---

[1] Defendants submit that, "[l]iberally construed, Holmes's complaint alleges that Defendants violated his rights under the First Amendment." (Doc. 14 at 6.) But while his "First Cause of Action" refers to "retaliation" for filing grievances, Mr. Holmes's "Second Cause of Action" specifically alleges "excessive use of force." (Doc. 3 at 5.) Thus, at a minimum, the Complaint also raises an Eighth Amendment violation based on the excessive use of force. *See Towsley v. Frank*, 09-cv-23, 2010 WL 5394837, at *5 (D. Vt. Dec. 28, 2010) ("For those individuals who have been convicted and are serving a term of imprisonment, the Eighth Amendment 'serves as the primary source of substantive protection . . . in cases . . . where the deliberate use of force is challenged as excessive and unjustified.'") (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). The court expresses no view on the adequacy of the Eighth Amendment claim at this stage.

3

F.3d 290, 293 (2d Cir. 1999)). This jurisdictional limitation "underpins both . . . standing and . . . mootness jurisprudence." *Friends of the Earth v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180 (2000). A plaintiff's *standing* to bring suit is determined when the complaint is filed, *see Comer v. Cisneros*, 37 F.3d 775, 787 (2d Cir. 1994), while a claim becomes *moot*, and must be dismissed, "if an event occurs during the course of the proceedings or on appeal 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party[.]'" *United States v. Quattrone*, 402 F.3d 304, 308 (2d Cir. 2005) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)). "In ruling on a motion to dismiss for lack of standing, the court 'must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" *In re Direxion Shares ETF Trust*, 279 F.R.D. 221, 229 (S.D.N.Y. 2012) (quoting *Warth v. Selding*, 422 U.S. 490, 501 (1975)).

Defendants argue that Mr. Holmes's claims for injunctive relief are moot because he is no longer in prison. Although the issue is technically one of standing rather than mootness (Mr. Holmes apparently left prison and moved to New York City before filing the Complaint), the question is the same in either case: whether the court could effectively redress Mr. Holmes's alleged injuries through his requested injunctive relief.

To seek prospective injunctive relief, a plaintiff must show either "continuing, present adverse effects" of the defendant's unlawful conduct that could be redressed through injunctive relief, *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983), or "a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Wooden v. Bd. of Regents of Univ. Sys. of Ga.,* 247 F.3d 1262, 1283 (11th Cir.

4

2001). To demonstrate the likelihood of future harm, it is not enough that the plaintiff was harmed by the challenged conduct in the past; the plaintiff must instead show that he "is realistically threatened by a repetition of [the previous harm]." *Lyons,* 461 U.S. at 109; *see also O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974) (holding that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects").

Mr. Holmes seeks prospective injunctive relief in the form of an order "protecting [him] from DOC retaliation for" bringing this action, and the Complaint alleges that Officer Prue has retaliated against Mr. Holmes for filing grievances in the past. (Doc. 3 at 4-6.) But because Mr. Holmes is out of prison with no asserted expectation of returning, he is not "realistically threatened" by retaliation from DOC officers. *See Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility."); *Young v. Coughlin*, 866 F.2d 567, 569 n.1 (1989). Mr. Holmes also asks for an order to preserve the videotape of the incident, but does not allege an injury that such an order could redress. Because he has been released, there is no imminent DOC hearing or proceeding in which the recording, if it exists, could be used. And while the recording may be relevant to the claims in this lawsuit, Mr. Holmes cannot bootstrap his way into a case-or-controversy by asking to preserve evidence that only matters if the court has jurisdiction in the first place. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107 (1998) ("Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement.").

Because Mr. Holmes's claims cannot be redressed by injunctive relief, and because he has not requested any retrospective relief such as monetary damages, he lacks standing to bring suit. Accordingly, the court lacks subject matter jurisdiction over his entire Complaint, and the court should GRANT Defendants' Rule 12(b)(1) Motion to Dismiss.[2] For these reasons, Holmes's request for appointment of counsel set forth within his request for relief is DENIED as moot.

**2.     Leave to Amend**

In the Second Circuit, district courts should not dismiss *pro se* complaints with prejudice without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002) (citing *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir. 1991)); *see also* Fed. R. Civ. P. 15(a)(2) (stating "the court should freely give leave when justice so requires"). Nonetheless, leave to amend may be denied when an amendment would be futile. *See Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir. 2008) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Here, Mr. Holmes may be able to establish this court's jurisdiction over his claims if he asks for a proper remedy consistent with the requirements of Article III standing as set forth above. Accordingly, the court should dismiss the Complaint without prejudice and grant leave to amend.

---

[2] The Complaint does pray for "[a]ll other orders in the interests of justice," (Doc. 3 at 6), but such a broad request cannot be read as a damages claim that creates standing where it otherwise does not exist. *See Fox Board of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 141 (2d Cir. 1994) (declining "to read a damages claim into the Complaint's boilerplate prayer for 'such other relief as the Court deems just and proper'"); *Arizonans for Off. English v. Arizona*, 520 U.S. 43, 68-70 (1997).

If Mr. Holmes chooses to submit an amended filing, the filing shall be entitled "Amended Complaint" and must contain all claims against all parties as it will supersede the original Complaint in all respects. The court should require that the amended complaint be filed within thirty days of its ruling on this Report and Recommendation.

## Conclusion

For the reasons set forth above, I recommend that Defendants' Motion to Dismiss (Doc. 14) be GRANTED. I further recommend that, if the court adopts this Report and Recommendation, Mr. Holmes be allowed thirty days to file an amended complaint. Failure to file a timely amended complaint should result in the dismissal of this case.

Dated at Burlington, in the District of Vermont, this 28th day of November, 2012.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c). Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation. *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).